FILED

UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

01 NOV 19 PM 3: 45

CLERK, U.S. ...OURT
MIDDLE DIST... ... FLORIDA
ORLANDO, FLORIDA

JOHANNA HERNANDEZ, and MARIE HERNANDEZ,
as Co-Personal Representatives of the Estate of CHARLES
HERNANDEZ, Deceased, et.al.,

Case No.: 6:01-cv-1330-ORL-18JGG

Plaintiffs,

vs.

SEMINOLE COUNTY, FLORIDA, et.al.,

Defendants.
_____/

## MOTION BY REMOVING DEFENDANTS TO DECLARE DUBE DEFENDANTS NOMINAL DEFENDANTS AND/OR REALIGN THEM AS PLAINTIFFS FOR PURPOSES OF REMOVAL UNDER 28 U.S.C. § 1441(a)

The removing defendants, in their individual and official capacities, by and through their undersigned counsel, move the Court for an order declaring defendants DEBRA A. DUBE and DEBRA A. DUBE & ASSOCIATES, P.A., (hereinafter "Dube Defendants") nominal parties and/or realigning them as plaintiffs such that their consent is not required for the other defendants to remove this action pursuant to 28 U.S.C. § 1441(a) and state the following:

> **Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.**
>
> McKinney v. Board of Tr. of Mayland Cmty. Coll., 955 F.2d 924, 927 (4th Cir. 1992).



> **Federal courts have an obligation to police their jurisdictional powers with great scrutiny, particularly when it comes to the validity of transactions designed to defeat their jurisdiction.**
>
> Dinatale v. Subaru of America, 624 F.Supp. 340, 344 (E.D. Mich. 1985).

The Dube defendants and the plaintiffs have entered into an agreement to limit the liability of the Dube defendants in this matter. In exchange, the two Dube defendants have promised to withhold consent to removal for the sole purpose of assisting the plaintiffs in preventing the 30 other defendants[1] from removing this matter to federal court. The agreement reads between the Dube defendants and the plaintiffs states, in pertinent part:

> *The sole purpose of this agreement is to ensure Dr. Dube's full assistance in your choice of forum court in exchange for an agreement that no effort will be made to collect damages for Dr. Dube's alleged or proven wrongful conduct other than that collectible from her medical malpractice insurer, The Medical Protective Company, up to the amount of the policy limits, which are $250,000.*
>
> Letter between counsel for Dube defendants and plaintiff, attached as Exhibit "A."

The remaining 30 defendants request by this motion that the Court declare that, by virtue of the subject agreement, the consent of the Dube defendants to removal is not needed because in reality the Dube defendants' interests are now aligned with the

---

[1] SEMINOLE COUNTY, FLORIDA; BD. OF CTY. COMMISSIONERS SEMINOLE COUNTY, FLORIDA; GRACE; ESLINGER; HARRIETTE; FUTCH; DUBOSE; MANLEY; KAUFMAN; BENZO; YAUN; MILLION; McCARLEY; ELLIS; HEISTER; BROWN; BELLER; POWELL; LAWTON; BRACCO; SPEED; COX; FERGUSON; VANONI; MORRIS; DEFIORE; DALLABRIDA; MATTHEWS; and WALSH

plaintiffs and/or because the agreement has rendered the Dube defendants nominal parties to the action.

1. On or about July 13, 2001, plaintiffs, as the personal representatives of the deceased, Charles Hernandez, filed a complaint in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, naming thirty-two (32) individuals and entities as defendants. The only claim brought in this complaint is under 42 U.S.C. §1983 and there are no state law claims. All of the person defendants are sued in both their individual and official capacities. The suit concerns the death of Charles Hernandez while he was a federal pre-trial detainee in the Seminole County Detention Center.

2. All of the defendants have agreed to remove this action to this Court, except defendants Debra A. Dube and Debra A. Dube & Associates, P.A.

3. The Dube defendants have agreed to withhold consent to removal in return for plaintiffs' promise not to execute on any judgment in excess of $250,000, the limit of Dr. Dube's malpractice insurance policy. See Exhibit "A." They have further expressly agreed as part of their contract to defeat removal that under no circumstance will the Dube defendants face any actual direct or personal loss.

4. There is no question that this Court has original jurisdiction because the only claim in the complaint is founded on a law of the United States: 42 U.S.C. § 1983. Thus, there is also no question that this case would be removable but for Dube's refusal to give her consent.

5. Although removal pursuant to 28 U.S.C. § 1441(a) normally requires the consent of all defendants, nominal parties or realigned parties are disregarded for purposes of the unanimity rule.

6. The Dube defendants are nominal parties or should be realigned for purposes of removal. They have effectively settled with the plaintiffs by substituting their medical malpractice insurer as the real party in interest solely to defeat removal. The Dube defendants should be realigned as plaintiffs on the issue of removal. Their interests are now tied inextricably to the plaintiffs for the purpose of defeating the legitimate rights of thirty (30) other defendants to have this matter litigated and tried in the federal courts. Defendants emphasize that the Dube defendants have agreed to lend "full assistance in your choice of forum" to the plaintiff by withholding consent to removal in exchange for a limitation on collection from a medical malpractice insurer with zero risk of any personal judgment or loss.

WHEREFORE, the removing defendants move the Court for an Order declaring the Dube defendants nominal parties and/or realigning them as plaintiffs for purposes of the removal issue, such that their consent is not required for removal pursuant to 28 U.S.C. § 1441(a).

## Local Rule 3.01 Certification

Undersigned counsel certifies that opposing counsel has been contacted in a good faith effort to resolve the issues raised in this motion but that no agreement could be reached.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), the removing defendants offer this memorandum of law in support of the instant motion.

Rather than favoring plaintiffs or defendants, the removal procedure is intended to be "fair to both plaintiffs and defendants alike." McKinney v. Board of Tr. of Mayland Cmty. Coll., 955 F.2d 924, 927 (4th Cir. 1992). A federal district court should view with skepticism any agreement between apparently adverse parties if the substance of the agreement is intended to defeat the legitimate removal rights of others. Id.; Dinatale v. Subaru of America, 624 F.Supp. 340, 344 (E.D. Mich. 1985).

The agreement in the present case is that type of transaction -- its sole purpose is to defeat the jurisdiction of this Court – and the Court should be skeptical. Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Associates, Inc., 4 F.3d 614, 619 (8th

Cir. 1993) (federal courts should not condone procedure intended to prevent removal when party has right to remove).

Section 1441 of Title 28 of the Unites States Code provides in pertinent part:

### Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . .

District Courts have original jurisdiction of all civil actions arising under any law of the United States pursuant to 28 U.S.C. § 1331. Thus, district courts have original jurisdiction of all claims brought pursuant to 42 U.S.C. § 1983. "In cases involving multiple defendants, all defendants must consent to removal under section 1441(a)." In re Federal Sav. and Loan Ins. Corp., 837 F.2d 432, 434 n. 2 (11th Cir. 1988) (citing Chicago, Rock Island, & Pac. Ry. v. Martin, 178 U.S. 245, 251 (1900)). This principle has become known as the "unanimity requirement." Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001).

There are, however, exceptions to the unanimity requirement. "[N]ominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970). The test of whether defendants are nominal parties "is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would

not be in any way unfair or inequitable to the plaintiff." Id. (quoting Stonybrook Tenants Assoc., Inc. v. Alpert, 194 F.Supp. 552, 559 (D.Conn. 1961)). This test for determining a nominal party applies equally to removals based on diversity or federal question grounds. Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991). Equity is the primary consideration in the nominal party inquiry. Id.

"Defendants who have settled are nominal defendants whose consent to removal is unnecessary." Acosta v. Master Maintenance & Constr., Inc., 52 F.Supp.2d 699, 709 (M.D. La. 1999) (citing Bradley v. Maryland Casualty Co., 382 F.2d 415, 419 (8th Cir. 1967)); see also Pilsnik v. Hudler, 118 F.Supp.2d 905 (E.D. Wis. 2000); Reko v. Creative Promotions, Inc., 70 F.Supp.2d 998 (D. Minn. 1999); Lesher v. Andreozzi, 647 F.Supp. 920 (M.D. Pa. 1986); Erdey v. American Honda Co., Inc., 96 F.R.D. 593 (M.D. La. 1983). The rationale is that a defendant who has settled is not an indispensable party as she no longer has an interest in the action. See Bradley, 382 F.2d at 419.

In Dinatale, an automobile accident case initially filed in state court, Subaru attempted to remove to federal court alleging that when plaintiff entered into a "settlement" with co-defendant Sabra the result was diversity jurisdiction between the remaining defendants and the plaintiff. Dinatale, 624 F.Supp. at 341. Plaintiff responded by filing a motion to remand along with an affidavit alleging that the "settlement" was merely an understanding not to attempt to collect any judgment against Sabra. Id. Plaintiff further alleged that the letter agreement was prompted by

7

the likelihood that Sabra was uncollectible and so the agreement not to attempt collection of any judgment was a gesture only. Id. at 342. Sabra's lawyer, on the other hand, described the letter as a "Mary Carter Agreement" which resolved all claims against Sabra. Id.[2]

In denying the motion to remand, the court relied on the principle that where the plaintiff, by a voluntary act showing an intention to discontinue the action against a non-diverse defendant, indicates he no longer desires to dictate the forum, the case becomes removable under 28 U.S.C. § 1446(b). Id. at 342-43. The court summarized its holding as follows:

> I am satisfied, however, that plaintiff by the letter agreement . . . unequivocally abandoned her claim against Sabra and that the sole purpose of the form of settlement with Sabra was to defeat Subaru's right to remove the Wayne County case to federal court. Sabra effectively was dismissed from the Wayne County case.

Id. at 344.

In Rowe, an evidentiary hearing was held to determine if the case was removable by GAF on diversity grounds based on a settlement between the plaintiff and the non-diverse defendant. 1987 WL 12266 (E.D. Pa. 1987). At the hearing, counsel for Asbestos Claims Facility (ACF) and for the plaintiffs testified as to the

---

[2] Note also that the agreement between plaintiff and the Dube defendants may well constitute a form of "Mary Carter" agreement. These agreements have been held against public policy by the Florida Supreme Court in Dosdourian v. Carsten, 624 So. 2d 241 (Fla. 1993). To the extent that the subject agreement is a "Mary Carter" agreement, this Court should not permit an unlawful settlement agreement to deny the removing defendants their right to a federal forum in this case. Moreover, while the defendants believe the terms of the agreement clearly state the purpose of the deal was to prevent removal, if there is any question as to its purpose this Court should order depositions of the attorneys and parties to the contract to determine its purpose. Dinatale, at 624 F.Supp. at 342.

8

terms and conditions of the settlement. Id. The plaintiff settled the case against ACF for a certain sum. Id. In addition to the money, ACF agreed to remain present at trial and defend the cross-claims brought against it by other defendants. Id. A release was executed by plaintiff and ACF indicating a complete settlement of the action. Id. Plaintiff's counsel, however, testified that the settlement contained a "high-low" provision whereby ACF would pay $1 to plaintiff if the total jury verdict exceeded the amount of the settlement. Id. Plaintiff's counsel admitted that the purpose of this alleged provision was to defeat federal removal jurisdiction. Id.

In concluding that the case was removable, the court held that the settlement was not a conditional "high-low" settlement but an unconditional settlement of all claims between ACF and plaintiff. Id. at 2. However, the court stated that even if the "high-low" provision was a part of the settlement, it would still have jurisdiction because the settlement, taken as a whole, evinces an unequivocal intent to abandon the action against ACF. Id. "Based on the admission that a purpose of the single dollar "high-low" agreement was to defeat this Court's removal jurisdiction, and on all of the other circumstances present in this case, I conclude that the "high-low" aspect of the settlement as portrayed by plaintiff's counsel is *de minimis*." Id. The court concluded by stating "[j]ust as the lack of formality will not defeat removal jurisdiction, neither will the presence of formal devices such as those plaintiff sought to employ here." Id.

In <u>Bumgardner</u>, the plaintiff filed an action against several manufacturers and distributors of asbestos products. 432 F.Supp. 1289, 1290 (D. S.C. 1977). One of the defendants, Covil, the only non-diverse defendant, filed a cross action against certain other defendants. <u>Id.</u> Covil first approached the cross action defendants and offered not to prosecute the cross action in return for a promise of indemnification. <u>Id.</u> When no agreement was reached, Covil went to the plaintiffs and entered into an agreement whereby the plaintiff promised not to execute any judgment obtained against Covil if Covil would actively prosecute its cross action. <u>Id.</u> at 1291. Thereafter, the other defendants learned of the agreement and petitioned to remove the case to federal court. <u>Id.</u> At a pretrial conference held the same day in state court, the plaintiff stated that the agreement with Covil was "vitiated and withdrawn." <u>Id.</u> The plaintiff then filed a motion to remand. <u>Id.</u>

In denying the motion to remand, the court held that the settlement agreement allowed the case to be removed because the plaintiff "had effectively discontinued its action against Covil." <u>Id.</u> The court further stated that "the plaintiff's attempt to cancel the settlement agreement with Covil was obviously made for the purpose of destroying diversity jurisdiction. Such an action will be rejected by the Court as constituting an attempted fraudulent joinder." <u>Id.</u> at 1292.

The facts of the present case are similar to those in <u>Rowe</u>, <u>Dinatale</u>, and <u>Bumgardner</u>. As in <u>Dinatale</u> and <u>Bumgardner</u>, the plaintiffs have agreed not to attempt to collect any judgment against Debra A. Dube (Dube) and/or Debra A. Dube

10

& Associates, P.A. (Associates) in excess of $250,000, the limits of Dube's liability insurance coverage. In other words, they have agreed not to attempt to collect any judgment against Dube personally since she would be responsible for any judgment in excess of her insurance coverage. In fact, the agreement states that even if the insurer cannot pay any judgment or part of a judgment up to $250,000, then plaintiff agrees to forego collecting *anything* from the Dube defendants.

Although the Dube defendants' insurer may be liable up to $250,000, Dr. Dube and Dube Associates are now judgment proof and have been effectively dismissed as real parties in interest. As in Rowe, the explicit intent of the agreement is to defeat the other defendants' statutory right to remove this case to federal court and the agreement has been carefully structured for just that purpose.

Although the agreement was crafted so that the amount was left undetermined with a ceiling of $250,000, and so that the Dube defendants could claim they are still "aggressively defend(ing)" the suit, the obvious effect of the agreement is to eliminate any possibility that Dr. Dube will be held personally responsible for any excess judgment. It is their liability insurance carrier, not them, that has become the real party in interest. And, it does not take much imagination to determine that in this litigation, and by virtue of the fact that the Dube defendants now have their liability capped, the plaintiffs will focus most if not all of their attack on the other defendants.

Furthermore, and separate from the issue of nominal party status, the Dube defendants should be realigned so as to be viewed as plaintiffs at least for purposes of

11

the removal issue. "It is clear that it is the established policy in the federal courts to consider the actual realities of the dispute, rather than the nominal positions assigned to the parties by the pleader." First Nat'l Bank of Chicago v. Mottola, 302 F.Supp. 785, 789 (N.D. Ill. 1969). "In determining whether federal jurisdiction exists, a federal district court is obliged to examine the underlying, substantive interests of the parties in the dispute. If a party's actual interest is not reflected by his alignment in the pleadings it is the duty of the court to rearrange the party on the proper side of the suit. Such re-alignment is required both where it has the effect of defeating or creating jurisdiction." Id. at 788-89. "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff *for jurisdictional purposes*." Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir. 1983) (emphasis added).

The interests of the Dube defendants coincide with the interests of the plaintiffs for purposes of removal jurisdiction. They have entered into an agreement with plaintiffs for the express purpose of defeating the other defendants' right to remove this case. In return for their promise to withhold their consent to removal, the Dube defendants have been promised that there will be no execution on any judgment in excess of their liability insurance coverage. The Dube defendants have become contractual partners with the plaintiffs. As such, their interests are antagonistic to the other defendants and they should be realigned as plaintiffs for purposes of removal jurisdiction.

_____
D. ANDREW DeBEVOISE, ESQ.
FLORIDA BAR NO.: 281972
THOMAS W. POULTON, ESQ.
FLORIDA BAR NO.: 0083798
GREGORY ACKERMAN, ESQ
FLORIDA BAR NO.: 0104132
DEBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Blvd.
Winter Park, FL 32792
Telephone: (407) 673-5000
Facsimile: (407) 673/5059
Attorney for Eslinger, Harriette, Futch,
Dubose, Manley, Bracco, Speed, Cox,
Ferguson, Vanoni, Morris, Defiore,
Dallabrida, Matthews, and Walsh


_____
JEANELLE BRONSON, ESQ.
FLORIDA BAR NO.: 266337
GROWER KETCHAM, et al.
Post Office Box 538065
Orlando, Florida 32853-8065
Telephone: (407) 423-9545
Facsimile: (407) 425-7104
Attorney for Kaufman, Yaun, Million,
McCarley, Ellis, Heister, Brown, Beller,
Powell, and Lawton

_____
HENRY JEWETT, ESQ.
FLORIDA BAR NO.: 380024
Rissman, Weisberg, et al.
201 E. Pine Street.
Orlando, Fl 32801
Telephone: (407) 839-0120
Facsimile: (407) 841-9726
Attorney for Seminole County, Board of County
Commissioners for Seminole County, and
Grace

13

_____
BRUCE BOGAN, ESQ.
FLORIDA BAR NO.: 599565
Hilyard, Bogan, et al.
P.O. Box 4973
Orlando, Florida 32802
Telephone (407) 425-4251
Facsimile: (407) 841-8431
Attorney for Benzo

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail this 16th day of November, 2001 to Joseph M. Taraska, Esq., Jacobs & Goodman, P.A., 890 S.R. 434 North, Altamonte Springs, FL 32714, R. Spencer Rhodes, Esq., 126 East Jefferson Street, Orlando, FL 32801, and Robert D. Henry, Esq., and Martin T. Buckley, Esq., Ringer, Henry, Buckley & Seacord, P.A., Post Office Box 4922, Orlando, FL 32802-4922, Jeanelle Bronson, Esq., Grower, Ketcham, et al., Post Office Box 538065, Orlando, Florida 32853-8065, Henry Jewett, Esq., Rissman, Weisberg, et al., 201 E. Pine Street, Orlando, Fl 32801, and Bruce Bogan, Hilyard Bogan, et al., P.O. Box 4973, Orlando, Florida 32802.

_____
D. ANDREW DeBEVOISE, ESQ.
FLORIDA BAR NO.: 281972
THOMAS W. POULTON, ESQ.
FLORIDA BAR NO.: 0083798
GREGORY ACKERMAN, ESQ.
FLORIDA BAR NO.: 0104132
DEBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Blvd.
Winter Park, FL 32792
Telephone:   (407) 673-5000
Facsimile:   (407) 673/5059
Attorney for Eslinger, Harriette, Futch, Dubose, Manley, Bracco, Speed, Cox, Ferguson, Vanoni, Morris, Defiore, Dallabrida, Matthews, and Walsh

14

# RINGER, HENRY, BUCKLEY & SEACORD, P.A.

*Attorneys at Law*

14 EAST WASHINGTON STREET, SUITE 200
ORLANDO, FLORIDA 32801

REPLY ADDRESS:

POST OFFICE BOX 4922
ORLANDO, FL 32802-4922
TELEPHONE 407-841-3800
FACSIMILE 407-841-3855

ROBERT D. HENRY
RHENRY@RINGERHENRY.COM

September 19, 2001

<u>VIA TELECOPY (407-788-1378)</u>

Joseph Taraska, Esq.
Jacobs & Goodman
890 North State Road 434
Altamonte Springs, FL 32714-7024

    RE:    Estate of Charles Hernandez

Dear Mr. Taraska:

    This letter will confirm the terms of the agreement we have reached on behalf of our respective clients. After setting out the terms of our agreement, I have provided signature lines for you, the Co-Personal Representatives, and Dr. Dube. Once everyone has signed the agreement, it will take effect. Dr. Dube has agreed to sign it on behalf of herself and Debra A. Dube & Associates, P.A.

    It is my understanding that Johanna Hernandez and Marie Hernandez, as Co-Personal Representatives of the Estate of Charles Hernandez, deceased, have filed a legal action, or plan to file a legal action or legal actions, for damages as a result of the death of Mr. Hernandez. The legal action or actions which have been filed or which will be filed will include claims for violation of the civil rights of Mr. Hernandez as well as medical negligence by Dr. Dube and others. You have filed at least one legal action in the Circuit Court in and for Seminole County and intend to file others also in state Circuit Court. You and your clients want to keep the cases in Circuit Court, and Dr. Dube, by this letter, agrees to use her best efforts to keep the case in Circuit Court if you and your clients so desire, or to removing the case to Federal Court if your clients so desire.

    In exchange for Dr. Dube's cooperation in establishing the forum court, you and your clients agree that regardless of the nature of any claims made against Dr. Dube or others for the alleged wrongful conduct of Dr. Dube, and regardless of the outcome of any such claim, no effort will be made to collect a sum of money in excess of $250,000 for the alleged or proven wrongful conduct of Dr. Dube, from Dr. Dube, her professional association and/or their insurer, The Medical Protective Company, or from any other entity in which Dr. Dube has an ownership interest. This agreement encompasses the collection or attempted collection of any award of damages from Dr. Dube and Dr.

Exhibit A

Joseph Taraska, Esq.
September 21, 2001
Page 2 of 3

Dube's professional association and/or The Medical Protective Company for any damages suffered or incurred by Mr. Hernandez during his life or by his survivors and estate as a result of his death.

To the extent there is a judgment against Dr. Dube, individually, or her professional association, individually for the acts of Dr. Dube and/or any others who are determined to be agents and/or apparent agents of the professional association, it is agreed that collection will be only against Dr. Dube's medical malpractice insurance company, The Medical Protective Company, in an amount not to exceed $250,000. If the amount awarded to your clients as a result of a judgment against Dr. Dube individually or her professional association, individually for the acts of Dr. Dube and/or any others who are determined to be agents and/or apparent agents of the professional association, is not collectable from The Medical Protective Company for any reason, then your clients agree to forego that amount of the judgment.

Nothing in this agreement shall limit or preclude the Estate of Charles Hernandez from pursuing and/or collecting any award from any defendant other than Dr. Dube, Dr. Dube's professional association and their insurer, The Medical Protective Company, as a result of the acts or responsibility for the acts of Dr. Dube and/or her professional association and/or any persons who are determined to be agents or apparent agents of the professional association.

It is further understood and agreed that Dr. Dube and her professional association may fully and aggressively defend any claims of wrongdoing made against Dr. Dube or her professional association and that nothing in this agreement will prevent or hinder Dr. Dube's right to fully and aggressively defend any claim made against her or her professional association. The sole purpose of this agreement is to ensure Dr. Dube's full assistance in your choice of forum court in exchange for an agreement that no effort will be made to collect damages for Dr. Dube's alleged or proven wrongful conduct other than that collectible from her medical malpractice insurer, The Medical Protective Company, up to the amount of policy limits, which are $250,000.

If you and your clients agree to the terms of this letter, as outlined above, please have it signed below and returned to me.

Sincerely,

*[signature]* for

Robert D. Henry

_____
Joseph Taraska, Esq., as attorney for Johanna
Hernandez, Co-Personal Representative of the
Estate of Charles Hernandez, deceased

_____
R. Spencer Rhodes, Esq., as attorney for
Marie Hernandez, Co-Personal Representative of the Estate of Charles
Hernandez, deceased

_____
Johanna Hernandez, as Co-Personal
Representative of the Estate of
Charles Hernandez, deceased

_____
Marie Hernandez, as Co-Personal
Representative of the Estate of
Charles Hernandez, deceased

_____
Debra A. Dube, M.D. individually, and
for Debra A. Dube & Associates, P.A.

_____
Robert D. Henry, Esq., as attorney for
Debra A. Dube, M.D., and Debra A.
Dube & Associates, P.A.