

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHANNA HERNANDEZ, MARIE HERNANDEZ, JULIEANA HERNANDEZ,**

**Plaintiffs,**

**-vs-** **Case No. 6:01-cv-1330-Orl-28JGG**

**SEMINOLE COUNTY, FLORIDA, et al.,**

**Defendants.**

---

# ORDER

Charles Hernandez died while detained at Seminole County Detention Center awaiting trial on federal criminal charges. Plaintiffs are the personal representatives of Mr. Hernandez's estate, and they bring this action against thirty-two defendants, claiming damages under 42 U.S.C. § 1983. Plaintiffs now move for remand to the Florida state court where the action was originally filed. For reasons set forth below, the motion for remand shall be granted.

*Background*

The defendants named in the suit include Dr. Debra A. Dube and her professional association ("the Dube Defendants"). All defendants except the Dube Defendants ("Removing Defendants") requested removal from state court pursuant to 28 U.S.C. § 1441(a) on grounds that the federal courts have original jurisdiction of § 1983 actions. The Dube Defendants, on the other hand, entered into an agreement with Plaintiffs to not join

91

the other defendants in seeking removal to federal court and accordingly have not consented to removal.

The agreement between Plaintiffs and the Dube Defendants which is in the form of letters between counsel leaves no doubt as to its purpose. The agreement expressly limits the liability of the Dube Defendants in consideration for the Dube Defendants' refusal to join the other defendants in seeking removal to federal court. In pertinent part, the agreement provides:

> In exchange for Dr. Dube's cooperation in establishing the forum court . . . no effort will be made to collect a sum of money in excess of $250,000 for the alleged or proven wrongful conduct of Dr. Dube . . . . The sole purpose of this agreement is to ensure Dr. Dube's full assistance in your choice of forum court in exchange for an agreement that no effort will be made to collect damages for Dr. Dube's alleged or proven wrongful conduct other than that collectible from her medical malpractice insurer. . . up to the amount of policy limits . . . .

(Doc. 62, Ex. 1). Additionally, the contract includes language clearly stating that Dr. Dube "may fully and aggressively" defend any claims of wrongdoing on her part and that such a defense would not violate the terms of the contract. (Doc. 62, Ex. 1 at 2).

Plaintiffs now move for an order remanding this matter to state court, arguing that the removal is defective because the Dube Defendants did not join in or consent to the removal. Plaintiffs correctly note that removal pursuant to 28 U.S.C. § 1441(a) generally requires the consent of all defendants. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900). The Removing Defendants, however, oppose the remand, arguing that unanimity is not required in this case because the agreement renders the Dube Defendants merely nominal parties or, in the alternative, operates to realign the interests of the Dube

Defendants with the interests of the Plaintiffs. The Removing Defendants contend that under these circumstances the consent of the Dube Defendants is unnecessary and the removal to federal court is not defective.

*Discussion*

After a case has been removed from state court, the plaintiff may request that the federal court remand the case back to the state court in which it was originally filed on grounds that there was a defect in the removal procedure. 28 U.S.C. § 1447(c). Once the removal has been challenged, the burden is on the removing defendant to show that all procedural requirements for removal have been met. *Parker v. Brown*, 570 F. Supp. 640 (S.D. Ohio 1983). One of the procedural requirements for removal under 28 U.S.C. § 1441(a) is that all defendants must give consent to removal from state court, and "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). In the instant case Plaintiffs have moved for remand on the ground that the removal was defective because the Dube Defendants failed to consent to the removal. Thus, the Removing Defendants now have the burden of establishing why this court should not remand.

The Removing Defendants contend they have met their burden by establishing that the Dube Defendants should be designated nominal defendants because they personally do not have exposure to monetary liability under the terms of the agreement. In the alternative, the Removing Defendants argue that the Dube Defendants should be realigned

with Plaintiffs in accordance with their actual interest in the case. Under each of these theories the consent of the Dube Defendants would be unnecessary.

"[T]he defendant's right to remove a case that should be heard in federal court is at least as important as the plaintiff's right to the forum he has chosen." *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992). "[T]he removal procedure is intended to be 'fair to both plaintiffs and defendants alike.'" *Id.* (quoting *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 713 F. Supp. 185, 189 (W.D.N.C. 1989)). Selection of forum is a legitimate tactic in litigation, and although the reasons a party may seek removal or remand are not always apparent, the court should resolve these jurisdictional issues objectively with due regard to its responsibility to scrutinize its jurisdiction. It is important to note that Congress intended § 1983 actions to be amenable to trial in both state and federal courts, *see, e.g.*, *Allen v. McCurry*, 449 U.S. 90 (1980), and there is no reason for this court to prefer one forum over another. Unless the plaintiff names a nominal defendant in the complaint and that nominal defendant frustrates the efforts of the other defendants to remove the case to federal court, the nonremoving defendant is improperly aligned, or the joinder of a defendant is fraudulent in some other respect, this court will not concern itself with tactics of forum selection.

*Nominal parties.*

The consent of nominal defendants for purposes of removal is unnecessary because a nominal defendant is not a stakeholder in the outcome of the litigation. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 327 (5th Cir. 1970). In keeping with this principle, if the plaintiff cannot establish a valid

cause of action against the nonremoving defendant, the consent or joinder of the nonremoving defendant in the removal will be unnecessary because such a nonremoving defendant is to be considered only a nominal defendant – not a stakeholder – for removal purposes. *Farias v. Bexar County Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866 (5th Cir. 1991). This rule applies regardless of whether removal is sought on grounds of diversity or federal question jurisdiction. *Id.* at 871. Moreover, the question of whether a defendant is a nominal party for purposes of removal is not subject to a mechanistic formula but must be decided on a case-by-case basis. *See Tri-Cities*, 427 F.2d at 327.

Relying on *DiNatale v. Subaru of America*, 624 F. Supp. 340 (E.D. Mich. 1985), and *Bumgardner v. Combustion Engineering, Inc.*, 432 F. Supp. 1289 (D.S.C. 1977), the Removing Defendants argue that the dispute between the Dube Defendants and Plaintiffs has been resolved by their agreement limiting the Dube Defendants' liability and that as a result the Dube Defendants are no longer stakeholders in the action. In *DiNatale*, the district court determined that an agreement between the plaintiff and the nonremoving defendant constituted an abandonment of the plaintiff's claim against the nonremoving defendant. The court's probe into the terms of the agreement in question revealed that the plaintiff agreed not to seek recovery against the nonremoving defendant. Notwithstanding the agreement, the plaintiff did not voluntarily dismiss the nonresident defendant, which would have created diversity of citizenship and federal jurisdiction. The district court denied plaintiff's motion to remand, finding that by her agreement plaintiff had "unequivocally abandoned her claim"

against the nonremoving defendant and that the agreement was solely for the purpose of defeating federal court jurisdiction. 624 F. Supp. at 344.

In *Bumgardner*, the district court denied remand, applying similar reasoning. In that case, the plaintiff sued a number of defendants, alleging their responsibility for his asbestos poisoning. One of the corporate defendants was a resident of South Carolina, where the action was filed. During the litigation, the South Carolina defendant and the plaintiff entered into an agreement whereby the plaintiff agreed not to levy execution on any judgment against the South Carolina defendant if the South Carolina defendant would actively prosecute its cross-claim against the other nonresident defendants. The South Carolina defendant then actively assisted the plaintiff in the presentation of his case. In denying the plaintiff's motion for remand, the district court concluded that the agreement constituted a voluntary discontinuance of the action against the South Carolina defendant. 432 F. Supp. at 1291. The agreement rendered the South Carolina defendant a nominal defendant who could not deprive other defendants of their right to access to the federal court. The interests of the plaintiff and the South Carolina defendant were aligned as a result of the agreement, and the South Carolina defendant's continued presence in the action could not deprive other defendants of their access to federal court. 432 F. Supp. at 1292.

Applying the analysis of these decisions, this court concludes that the Removing Defendants' argument that the Dube Defendants are nominal parties because they lost their status as stakeholders in the outcome of the litigation fails because the agreement does not resolve the underlying issue of whether the Dube Defendants' conduct constituted a § 1983 violation. Although the agreement does limit the damages that may be collected from the

Dube Defendants, it does not stipulate that the Dube Defendants' conduct constituted a violation of § 1983, an issue the parties acknowledge will be vigorously contested. Indeed, the core of the Amended Complaint consists of alleged violations of 42 U.S.C. § 1983 as a result of the failure of the Dube Defendants and others to provide Mr. Hernandez medical attention as required under state law and specifically alleges that the state court has jurisdiction of the case. Furthermore, beyond the issue of potential monetary damages, the Dube Defendants acknowledge that they have both personal and professional interests in being exonerated from liability for the death of human beings in their care. In sum, the Dube Defendants are still stakeholders in the outcome of this litigation.

The Removing Defendants have not argued that this action could not proceed against the Dube Defendants in state court, and had such an argument been made it would have failed. State courts have concurrent jurisdiction over § 1983 actions, and this very cause of action is viable against the Dube Defendants in state court. *See Allen v. McCurry*, 449 U.S. 90 (1980). Apart from the agreement between Plaintiffs and the Dube Defendants, no argument has been advanced – nor can the court conceive of a legitimate argument – that Plaintiffs could not state a cause of action against the Dube Defendants in a state court lawsuit. It is therefore the conclusion of this court that the Dube Defendants are not nominal parties for removal purposes.

*Realignment of parties.*

With regard to their alternative ground for removal, the Removing Defendants correctly point out that the court has the power under certain limited circumstances to realign a defendant in accordance with the defendant's true interests in the litigation. *Dolch v.*

*United Cal. Bank*, 702 F.2d 178 (9th Cir. 1983). In such a case, the joinder or consent of that defendant is not essential to removal and a motion to remand on this ground should be denied. Again, here the Removing Defendants rely upon the agreement as evidence that the Dube Defendants' interests are more properly aligned with the interests of Plaintiffs.

In deciding whether a case should be remanded, courts are not bound by the labels assigned in the complaint. Instead, it is the responsibility of the courts to properly align the parties according to their interests. *Dolch*, 702 F.2d at 181. If the court determines that "the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Id.* (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). The court's power to realign parties according to their interests "'ensure[s] that the case involves the kind of adversarial relationship constitutionally required in a case or controversy in the federal courts.'" *1 James W. Moore, et al., Moore's Federal Practice* ¶ 0.74[1], at 771 (2d ed. 1993), *quoted in Md. Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1994).

Here, the relationship between Plaintiffs and the Dube Defendants was obviously altered as a result of their agreement. However, as discussed above, there is no evidence that the Dube Defendants will not vigorously contest liability for reasons other than financial considerations. Also, there is nothing in the record to suggest that the Dube Defendants have joined forces with Plaintiffs in attempting to establish the liability of the other defendants. Furthermore, Plaintiffs still must prove the Dube Defendants' liability and resulting damages in order to collect the limits of the Dube Defendants' malpractice

coverage. Under these circumstances, this court cannot conclude that the Dube Defendants' interests are aligned with the interests of Plaintiffs for purposes of determining jurisdiction.

*Conclusion*

In the instant case, Plaintiffs, for whatever reason, entered into an agreement with the Dube Defendants with the specific intent of preventing the Removing Defendants' selection of the federal courts as a forum. Notwithstanding the express purpose of this agreement, it does not appear to this court that the Dube Defendants are nominal parties or that the interests of the Dube Defendants coincide with the interests of the Plaintiffs. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion by Removing Defendants to Declare Dube Defendants Nominal Defendants and/or Realign Them as Plaintiffs for Purposes of Removal Under 28 U.S.C. § 1441(a) (Doc. 6, filed November 19, 2001) is **DENIED** in all respects.

2. Plaintiffs' Motion to Remand (Doc. 21, filed December 7, 2001) is **GRANTED**.

3. This case is hereby remanded to the Circuit Court, Eighteenth Judicial Circuit, in and for Seminole County Florida, Case No. 01-CA-1568-11-L, *Johanna Hernandez et al. v. Seminole County et al.*

4. Removing Defendants' Unopposed Motion to Supplement, Correct, or Amend

Removal Petition (Doc. 65, filed February 7, 2002) is **DENIED as moot.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida, this 27 ~~day of~~ March, 2002.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

FILE COPY

Date Printed: 03/27/2002

Notice sent to:

JK 3-27-02

___ R. Spencer Rhodes, Esq.
R. Spencer Rhodes, P.A.
126 E. Jefferson St.
Orlando, FL 32801

___ Joseph M. Taraska, Esq.
Jacobs & Goodman, P.A.
890 S.R. 434 N.
Altamonte Springs, FL 32714

___ Henry W. Jewett II, Esq.
Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A.
201 E. Pine St., 15th Floor
P.O. Box 4940
Orlando, FL 32802-4940

___ D. Andrew DeBevoise, Esq.
DeBevoise & Poulton, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Blvd.
Winter Park, FL 32792

___ Gregory Ackerman, Esq.
DeBevoise & Poulton, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Blvd.
Winter Park, FL 32792

___ Jeanelle G. Bronson, Esq.
Grower, Ketcham, Rutherford, Bronson,
Edie & Telan, P.A.
390 N. Orange Ave., Suite 1900
P.O. Box 538065
Orlando, FL 32853-8065

___ Walter A. Ketcham Jr., Esq.
Grower, Ketcham, Rutherford, Bronson,
Edie & Telan, P.A.
390 N. Orange Ave., Suite 1900
P.O. Box 538065
Orlando, FL 32853-8065

___ Martin T. Buckley, Esq.
Ringer, Henry, Buckley & Seacord, P.A.
14 E. Washington St., Suite 200
P.O. Box 4922
Orlando, FL 32802-4922

___ Robert D. Henry, Esq.
Ringer, Henry, Buckley & Seacord, P.A.
14 E. Washington St., Suite 200
P.O. Box 4922

Orlando, 32802-4922

___ Geoffrey D. Ringer, Esq.
Ringer, Henry, Buckley & Seacord, P.A.
14 E. Washington St., Suite 200
P.O. Box 4922
Orlando, FL 32802-4922

___ Bruce R. Bogan, Esq.
Hilyard, Bogan, Palmer & Lockeby, P.A.
105 E. Robinson St., Suite 201
P.O. Box 4973
Orlando, FL 32802-4973

___ Dale R. Sisco, Esq.
Bavol, Bush & Sisco, P.A.
100 S. Ashley, Suite 2100
P.O. Box 3423
Tampa, FL 33601-3423